**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marion B. Powell, Appellant.

Appellate Case No. 2013-002537

Appeal From Beaufort County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2016-UP-297
Submitted June 1, 2016 – Filed June 15, 2016

**AFFIRMED**

Christopher James Moore, of Richardson Patrick Westbrook & Brickman, LLC, and Chief Appellate Defender Robert Michael Dudek, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Liverman*, 398 S.C. 130, 137, 727 S.E.2d 422, 425 (2012) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* at 137-38, 727 S.E.2d at 425 ("Whether an eyewitness identification is sufficiently reliable is a mixed question of law and fact."); *id.* at 138, 727 S.E.2d at 425 ("In reviewing mixed questions of law and fact, where the evidence supports but one reasonable inference, the question becomes a matter of law for the court."); *State v. Traylor*, 360 S.C. 74, 81, 600 S.E.2d 523, 526-27 (2004) ("The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification.[1] First, a court must ascertain whether the identification process was unduly suggestive. The court must next decide whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed."); *Liverman*, 398 S.C. at 138, 727 S.E.2d at 425 ("Generally, the decision to admit an eyewitness identification is at the trial [court's] discretion and will not be disturbed on appeal absent an abuse of discretion.").

**AFFIRMED.**[2]

**HUFF, SHORT, and THOMAS, JJ., concur.**

---

[1] *See Neil v. Biggers*, 409 U.S. 188, 199-200 (1972) (holding the court should consider the following factors under the totality of the circumstances when evaluating the likelihood of misidentification: "[1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.